**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JEFFREY COHEN #58021-037   *

Plaintiff         *

v           *  Civil Action No. ELH-18-2476
             Related Criminal Case: GLR-14-0310
HARRY MASON GRUBER,  *
CAM COSTELLO,
           *
Defendants

**MEMORANDUM OPINION**

Jeffrey Cohen, the self represented plaintiff, filed a "Complaint For Equitable Relief" against Harry Mason Gruber, in his capacity as Assistant United States Attorney, and Cam Costello, in his capacity as Special Agent, United States Department of Treasury. ECF 1. Cohen, a federal prisoner, appended to the suit his own Declaration (ECF 1-1) and several other exhibits. He subsequently filed a "First Amended Complaint For Equitable Relief," without the exhibits, naming only Gruber as a defendant. ECF 21.[1]

Suit is predicated on the Administrative Procedure Act, 5 U.S.C. §§ 7-01 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. It is rooted in the criminal prosecution of Cohen in this court in the case of *United States v. Cohen*, GLR-14-0310.[2] Cohen "seeks injunctive relief to restrict public officers to their lawful and ethical obligations." ECF 21 at 1, ¶ 1.

---

[1] Because plaintiff is self-represented, I shall assume that plaintiff incorporated his earlier exhibits by reference.

[2] The criminal case was initially assigned to Judge William D. Quarles, Jr. It was reassigned to Judge George Russell, III on February 11, 2016, due to the retirement of Judge Quarles.

The suit is best understood in conjunction with the history of the underlying insurance fraud case, *United States v. Cohen,* GLR-14-0310. Cohen, who represented himself during some of the criminal proceedings, proceeded to trial in June 2014. During the trial, he decided to plead guilty. On June 5, 2015, Cohen entered pleas of guilty to charges of wire fraud, aggravated identity theft, making false statements to insurance regulators, and obstruction of justice. *See* ECF 389; ECF 385 (Plea Agreement). Cohen subsequently sought to withdraw his guilty plea (ECF 408), which was denied. ECF 523; ECF 526.

On December 14, 2015, Judge Quarles sentenced Cohen to a total term of imprisonment of 444 months. ECF 594. The convictions and sentence were affirmed on appeal. *See United States v. Cohen*, 888 F.3d 667 (4th Cir. 2018). Since then, Cohen has feverishly sought to challenge his criminal convictions and sentence. Indeed, this suit constitutes Cohen's tenth civil attack on his criminal prosecution. *See Cohen v. Rosenstein, et al.*, Civil Action No. 14-03726 (D. Md.); *Cohen v. Rosenstein, et al.*, Civil Action No. 14-3996 (D. Md.); *Cohen v. Rosenstein, et al.*, Civil Action No. 15-263 (D. Md.); *Cohen v. United States*, Civil Action No. 15-1006 (D. Md.); *Cohen v. Hurson, et al.*, Civil Action No. 15-986 (D. Md.); *Cohen v. Rosenstein, et al.*, Civil Action No. 16-1346 (D. Md.); *Cohen v. Quarles*, Civil Action No. 16-2943 (D. Md.); *Cohen v. Gruber, et al.*, Civil Action No. 17-216 (D. Md.); *Cohen v. Gruber, et al.*, Civil Action No. 16-172 (N.D. W. Va.); and *In re: Jeffrey Brian Cohen,* GLR-14-0310 (D. Md.).[3]

In this case, plaintiff alleges that Gruber misrepresented to the court that Cohen's insurance company "fraudulently denied coverage to insureds." ECF 21, ¶ 26; *see also* GLR-14-0310, ECF 627. According to Cohen, the alleged misrepresentations violated the Department of Justice's ethics regulations. ECF 21, ¶¶ 6-12.

---

[3] Cohen's prior challenges have not been successful.

Gruber and Costello moved to dismiss the original Complaint. ECF 17.[4] After Cohen amended his suit, Gruber filed a motion to dismiss the Amended Complaint (ECF 23), supported by a memorandum (ECF 23-1) (collectively, the "Motion"). He argues, *inter alia*, that "Cohen cannot use a civil action to collaterally attack his criminal conviction or the rulings made in his criminal case, and neither the Declaratory Judgement Act nor the [Administrative Procedure Act] provide for a cause of action under these facts." ECF 23-1 at 2.[5]

Cohen opposes the Motion. ECF 27. The opposition includes a renewed request for appointment of counsel. Gruber replied. ECF 29.

Plaintiff has also filed a motion for preliminary injunction (ECF 22); a supplement to his Amended Complaint (ECF 26); a motion to amend his amended complaint (ECF 32); and a motion for sanctions. ECF 33. In an Order of April 25, 2019 (ECF 35), the court denied ECF 22, ECF 32, and ECF 33.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, the motion to dismiss filed by Gruber and Costello (ECF 17) shall be denied as moot; I shall deny Cohen's First Supplemental Complaint for Equitable Relief (ECF 26), without prejudice; I shall deny Cohen's renewed request for counsel (ECF 27); and I shall grant Gruber's Motion (ECF 23), thereby dismissing the Amended Complaint.

---

[4] I shall deny ECF 17 as moot, because it is directed to the original Complaint, which has been superseded by the Amended Complaint.

[5] I cite to pagination assigned by the Court's electronic docketing system.

# I.     Factual and Procedural Background[6]

Cohen was president and chairman of an entity named Indemnity Insurance Corporation RRG, and had controlled its predecessor, Indemnity Insurance Corporation of DC, RRG (collectively "IIC").  IIC marketed and sold general liability and other types of insurance to individuals and businesses in the entertainment industry and was required to submit quarterly and yearly financial statements to insurance regulators.  As noted by the appellate court, insurance regulators are responsible for protecting policyholders and the public through their oversight of the insurance industry and by making certain that insurers such as IIC are able to perform their coverage obligations.

For more than five years, Cohen engaged in a scheme to defraud IIC policyholders and the public by misrepresenting the financial status of IIC, creating false and fraudulent financial documents, including bank statements, letters of credit, reinsurance documents, financial statements, and account balances, and by sending misleading and fraudulent representations to auditing firms and others seeking and securing favorable opinions on the financial standing of IIC. Cohen then touted IIC's false financial standing and inflated ratings to current and potential policyholders and, as a result of the scheme, received more than $100,000,000 in insurance premiums paid to IIC.

On June 24, 2014, Cohen was indicted by a federal grand jury in Baltimore.  During the investigation, federal agents discovered that Cohen had purchased such items as a long-range tactical rifle, ammunition, and a night vision device; had researched homemade bombs; purchased

---

[6] The factual summary is derived from the Fourth Circuit's opinion in Cohen's underlying criminal case.

ammonium nitrate; and made audio recordings about plans to attack public officials. As a result, Cohen has been in federal custody since his arrest in June 2014.

In a third and final superseding indictment, Cohen was charged with wire transmission of false and misleading communications in furtherance of his fraud scheme and of fraudulently using the identities of other persons to lend credibility to false financial documents. As noted by the Fourth Circuit, "[t]o conceal the actual financial condition of IIC, Cohen presented fraudulent financial statements to insurance regulators in both Delaware and the District of Columbia." *Cohen*, 888 F.3d at 672. And, "[a]s his fraud scheme began to unravel, Cohen threatened witnesses in an endeavor to obstruct their communications of his wrongdoing to the authorities." *Id.* The indictment "exposed Cohen to the forfeiture of more than $100,000,000." *Id.*

In this case, Cohen seeks injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"). He alleges that Gruber, the prosecutor, made misrepresentations in Cohen's criminal case about the losses caused by Cohen's crimes. Cohen attached a "Declaration" to his original Complaint, presenting his version of the facts of the criminal case. ECF 1-6 (Decl. of Cohen).

Essentially, relying on Cohen's version of facts as set forth in his Declaration, Cohen asks this court to conclude that Cohen is guilty of a limited number of crimes to which he pleaded guilty (and which he believed would carry a potential prison term of less than six months), but that his criminal culpability does not extend to the large amount of losses claimed by the government and as set forth in his Presentence Report. And, he maintains that Gruber deliberately misrepresented the losses, which led to his disproportionately long sentence.

As indicated, Gruber and Costello moved to dismiss the original Complaint. ECF 17. Cohen did not oppose the motion. Instead, he filed a Motion for Preliminary Injunction (ECF 22)

and an Amended Complaint, in which he did not name Costello. ECF 21; ECF 21-1. Thereafter, Gruber moved to dismiss the Amended Complaint (ECF 23) and, on February 19, 2019, Cohen filed an opposition. ECF 27.

On March 11, 2019, Cohen moved to supplement his Amended Complaint to add as defendants Maryland United States Attorney Robert K. Hur and Assistant United States Attorney Joyce K. McDonald. *See* ECF 26; ECF 31.[7] And, on March 18, 2019, he moved for leave to file a second amended complaint. ECF 32.

In the supplemental pleading, Cohen alleged that Hur and McDonald, together with Gruber, violated the APA and the Declaratory Judgment Act through false court submissions filed in connection with Cohen's motion to vacate his convictions and sentences. ECF 26. The motion to vacate, filed in *Cohen v. United States,* Civil Action GLR-18-2661 (D. Md.), is pending before another judge of this Court. *See id.* (ECF 685, ECF 711, ECF 738). In this case, additional statements by the named prosecutors in written responses to Cohen's motion to vacate, and alleged to be untrue, were raised in Cohen's "First Supplemental Complaint for Equitable Relief." ECF 31.

## II. Non-Dispositive Motions

A.    Amendment of Pleadings

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's

---

[7] The same pleading was docketed twice.

leave." Fed. R. Civ. P. 15(a)(2). But, Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.*

Where the proposed amendment to the complaint appears to be a futility, the court has discretion to deny leave to amend. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards. "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

Although leave to amend should be freely given, leave to amend may also be denied where the proposed amendment would be prejudicial to the opposing party or the moving party has acted in bad faith. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. *Id.* at 604; *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987). Furthermore, the court may not address new claims raised in opposition to a dispositive motion, because it is not an appropriate vehicle for amending the complaint. *See Whitten v. Apria Healthcare Grp., Inc.,* No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015).

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990)) ("A pleading that has been amended . . . supersedes the pleading it modifies . . ."). Cohen's Amended Complaint (ECF 21), which alleges prosecutorial overreach during sentencing, was not filed within the time-frame permitted under Rule 15(a). Defendants, however, appear to have

waived any procedural irregularity regarding the amendment by filing a second motion to dismiss. ECF 23. Therefore, I will grant leave to Cohen to file the Amended Complaint (ECF 21). As noted, Cohen does not name Costello as a defendant in the Amended Complaint.

Cohen also moved to supplement his suit to add Hur and McDonald as defendants, based on alleged improprieties in connection with Cohen's motion to vacate, which remains pending. ECF 31. For reasons that parallel this Court's Order of April 25, 2019, denying Cohen's concurrently-filed motion for leave to file a second amended Complaint, *see* Order of April 25, 2019, ECF 35 at 2-3, this latest supplemental pleading was filed far outside the time limitation provided in Federal Rule of Civil Procedure 15(a)(1).

Cohen is free to seek leave to amend his motion to vacate to include these allegations. But, the conduct of the prosecutors in regard to a separate post-conviction proceeding is not relevant here. Cohen's eleventh-hour "supplement" to raise these arguments in this civil case is denied.

B.     Appointment of Counsel

In ECF 27, Cohen renews his request for court-appointed counsel.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).

Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Such circumstances also

include a litigant who "is barely able to read or write," *Whisenant* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

As fully delineated by the appellate court reviewing Cohen's conviction, Cohen met all criteria for self-representation in a complex criminal trial. *See United States v. Cohen,* 888 F.3d at 672. For reasons set forth more fully below, the claims asserted by Cohen are not colorable, a merits hearing is unnecessary, discovery will not take place, and therefore appointment of counsel is not warranted. The renewed request for appointment of counsel, contained in ECF 27, is denied.

### III.    Motion to Dismiss: Standards of Review

Gruber seeks dismissal of the Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Alternatively, he challenges the legal sufficiency of the pleading under Rule 12(b)(6).[8]

Because Cohen is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Cohen is also proceeding in forma pauperis. Under 28 U.S.C. 1915((e)(2)((B) (i), (ii) and (iii), this court is authorized to dismiss such litigation at any time if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A. Rule 12(b)(1)

A federal court generally may not reach the merits of a case without first determining that it has jurisdiction over the claim in suit. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-

---

[8] Although the government relies on both rules, it does not clarify the basis for its reliance on a particular rule.

102 (1998)). Indeed, the court has "an independent obligation" to verify that it has subject matter jurisdiction. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Thus, a court may consider subject matter jurisdiction at any time in the litigation, and *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).[9]

Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *accord Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192. On the other hand, in a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id*. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence

_____

[9] Generally, the term "jurisdictional" is "reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend County v. Davis,* ___ U.S. ___, 139 S. Ct. 1843, 1848 (2019) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). "Only if the statutory text 'plainly show[s] that Congress imbued a procedural bar with jurisdictional consequences' should a court treat a rule as jurisdictional." *Stewart v. Iancu*, 912 F.3d 693, 700 (4th Cir. 2019) (quoting *United States v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1632 (2015)) (alteration in *Stewart*). In other words, "Congress must explicitly 'tag' a procedural bar 'as jurisdictional.'" *Stewart*, 912 F.3d at 700.

outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009); *Evans*, 166 F.3d at 647.

Defendant raises a facial challenge to the Court's subject matter jurisdiction, because the challenge is based on the four corners of the Amended Complaint.

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, [because] on a motion to dismiss [the court] presum[es] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (citation and quotation marks omitted); *accord Button v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 620 (4th Cir. 2018).

B. Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (2018); *Semenova v. Md. Transit Admin.*, 845

F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 573; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). But, the Supreme Court has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted; alteration in *Twombly*).

Moreover, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Paradise Wire & Cable Defined Benefit Pension Fund Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Put another way, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quotation marks and citation omitted). But, "in the relatively rare circumstances where facts

sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*); *see Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007). "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Under limited circumstances, however, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb*, 791 F.3d at 508.

In particular, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166;

*see also* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Paradise Wire & Cable*, 918 F.3d at 318. Notably, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Goines*, 822 F.3d at 167. Therefore, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citation omitted); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed.

R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## IV. Discussion

Cohen has sued Assistant United States Attorney Gruber, "the lead prosecutor in the criminal proceedings against" him, under the APA, 5 U.S.C. §§ 701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. ECF 21 at 2. As noted, Cohen seeks "injunctive relief to restrict public officers to their lawful and ethical obligations." *Id.* at 1. He contends that "Gruber submitted false representations to District and Appellate courts," in violation of "non-discretionary rules promulgated by the DOJ [Department of Justice]." *Id.* at 6. And, he claims that on March 23, 2016, "months after Cohen was sentenced," Gruber filed ECF 627 in the criminal case, representing that "'[Cohen]fraudulently denied coverage to insureds.'" *Id.*

Gruber argues that the Declaratory Judgment Act, codified at 28 U.S.C. §2201, does not independently create subject matter jurisdiction. ECF 23-1 at 8; *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); *see also Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (Declaratory Judgment Act does not independently create jurisdiction). Gruber also argues that the Declaratory Judgment Act does not waive sovereign immunity. ECF 23-1 at 8.

For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937); *see Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977); *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Although relief is provided under the Act, such relief depends on the nature of the underlying civil action. *See University Gardens Apts. Joint Venture v. Johnson*, 419 F.Supp.2d

773, 742 (D. Md. 2006) (Declaratory Judgment Act does not provide an independent claim if a valid cause of action is not before the court).

Cohen also cites the APA as the basis for his suit. He asserts that Gruber violated ethics regulations that must be construed as "final" DOJ decisions. ECF 21, ¶ 45. Gruber contends that "the APA does not apply here." ECF 23-1 at 9. In addition, he contends that "a plaintiff can only invoke the APA 'when there is no other adequate remedy in a count[.]" *Id.* at 10 (citing 5 U.S.C. § 704).

The Administrative Procedure Act provides the statutory basis for a court to review the final action of a federal agency. *See* 5 U.S.C. §§ 702, 704; *see also Ergon-W. Va., Inc. v. U.S. Envtl. Prot. Agency*, 896 F.3d 600, 609 (4th Cir. 2018); *Roland v. U.S. Citizenship & Immigration Servs.*, 850 F.3d 625, 629 n.3 (4th Cir. 2017); *Friends of Back Bay v. U.S. Army Corps of Eng'rs*, 681 F.3d 581, 586 (4th Cir. 2012); *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010); *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009). A final agency action determines the parties' rights and obligaitons. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). A final agency action is defined as "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

Generally, "claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record . . . ." *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 659 (D. Md. 2007) (citing *Citizens for the Scenic Severn River Bridge, Inc. v. Skinner*, 802 F. Supp. 1325, 1332 (D. Md. 1991), *aff'd*, 1992 WL 180138, 1992 U.S. App. LEXIS 17466 (4th Cir. July 29, 1992)). In this context, "review

of the administrative record is primarily a legal question." *Citizens for the Scenic Severn River Bridge*, 802 F. Supp. at 1332.

"The APA provides that a reviewing court is bound to 'hold unlawful and set aside agency action' for certain specified reasons, including whenever the challenged act is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Friends of Back Bay*, 681 F.3d at 586-87 (quoting 5 U.S.C. § 706(2)(A)); *see United States v. Bean*, 537 U.S. 71, 77 (2002). Review under the APA is highly deferential, however, and the agency action enjoys a presumption of validity. *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citing *Natural Res. Def. Council, Inc. v. EPA*, 16 F.3d 1395, 1400 (4th Cir. 1993)).

In assessing an agency decision, "the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). Notably, "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "Deference is due where the agency has examined the relevant data and provided an explanation of its decision that includes 'a rational connection between the facts found and the choice made.'" *Ohio Valley Envtl. Coal.*, 556 F.3d at 192 (quoting *State Farm*, 463 U.S. at 43). Thus, "[t]he agency action will stand if the record reveals a rational basis for the decision." *Oddo v. Reno*, 175 F.3d 1015, 1999 WL 170173, at *2 (4th Cir. Mar. 29, 1999) (unreported) (citing *Trinity Am. Corp. v. U.S. EPA*, 150 F.3d 389, 395 (4th Cir. 1998); *Clevepak Corp. v. U.S. EPA*, 708 F.2d 137, 141 (4th Cir. 1983)).

I am not aware of any authority for the proposition that a federal prosecutor's representations to a court through a pleading or at oral argument constitute a "final agency action" that determined the rights or obligations of the parties. Therefore, I conclude that the Amended Complaint fails to state a claim for relief under the APA.

The government also urges dismissal of the suit under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In that case, the Supreme Court determined that a state prisoner generally may not file a civil suit for damages under 42 U.S.C. § 1983 if a judgment in the prisoner's favor "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). To bring such an action, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* As the Fourth Circuit explained, "If a § 1983 plaintiff could win damages premised on the wrongfulness of a still-valid conviction, there would be 'two conflicting resolutions' of a single controversy. All things considered, it would be best not to have law at odds with itself." *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 694 (4th Cir. 2015) (quoting *Heck*, 512 U.S. at 484).

The rule in *Heck* also applies to civil suits brought by federal prisoners. *See, e.g., Poston v. Shappert*, 222 F. App'x 301, 301 (4th Cir. 2007) (per curiam). And, as the government explains, ECF 23-1 at 6, "[c]ourts have extended *Heck*'s rationale beyond the context of § 1983 to a variety of situations where a plaintiff has been convicted of a federal crime and later files a civil action which, if successful, would necessarily imply the invalidity of the plaintiff's conviction." *Terry v. United States SBA*, 699 F. Supp. 2d 49, 55 (D.D.C. 2010) (citing cases where federal courts dismissed claims brought under the Privacy Act and the APA pursuant to *Heck*). *See Barnes v. City of Dothan*, 842 F. Supp. 2d 1332, 1339 (M.D. Ala. 2012) ("Barnes's first cause of action seeks

declaratory relief under 28 U.S.C. § 2201-2 . . . [that] would necessarily impugn her criminal conviction in state court . . . . Accordingly, her declaratory judgment claim is *Heck*-barred.").

I agree with the government that Cohen's attacks on Gruber's representations to the court regarding the fraudulent activity committed by Cohen necessarily imply the invalidity of Cohen's conviction. Such a claim must be dismissed pursuant to *Heck v. Humphrey*, unless Cohen can demonstrate that the conviction or sentence has been invalidated. ECF 23-1 at 6-7; *see Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

Here, Cohen challenges the conduct of the prosecutor as unethical, and in violation of rules of the Department of Justice. In addition, he contends that Gruber's misrepresentations led to the enhancement of his sentence following six days of sentencing. These misrepresentations are at the heart of Cohen's pending motion to vacate under 28 U.S.C. § 2255. But, Cohen's convictions and sentence remain valid pending collateral review of his criminal case.

The validity of the legal process by which Cohen came to be incarcerated, tried, and convicted has already been tested and resolved against him on direct appeal. However, in the event Cohen is successful in his § 2255 challenge to his sentence, based on prosecutorial overreaching, he could file an appropriate civil action. Nothing in *Wallace v. Kato*, 549 U.S. 384 (2007) or its progeny requires this court to stay the civil claim pending a potential favorable outcome.

## V. Conclusion

The instant action, seeking relief under the Declaratory Judgment Act and the Administrative Procedure Act, shall be dismissed.[10] A separate Order follows.

---

[10] In light of the disposition, I need not consider defendant's other contentions, such as res judicata. I note, however, that Gruber does not assert prosecutorial immunity.

September 11, 2019                     _____/s/_____
Date                                   Ellen L. Hollander
                                       United States District Judge