# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY B. COHEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-18-2476 |
| HARRY MASON GRUBER, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM

Pending is plaintiff Jeffrey B. Cohen's Motion for Reconsideration (ECF 46) of the Order (ECF 35) denying his Motion for Judicial Notice (ECF 30) and Motion to Amend/Correct (ECF 32). Upon consideration of the Motion, the court finds it provides no grounds for reconsideration and will be denied.

On August 13, 2018, Cohen filed the above-captioned Complaint against Harry Gruber, in his capacity as Assistant United States Attorney, and Cam Costello, in his capacity as Special Agent, United States Department of Treasury. ECF 1. On January 7, 2019, Cohen filed a First Amended Complaint naming only Gruber as a defendant. ECF 21. Gruber then moved to dismiss the Amended Complaint (ECF 23), which Cohen opposed (ECF 27). Thereafter, Cohen filed several motions, including a Motion for Judicial Notice, wherein he asked the court to take judicial notice of definitions he provided for the terms "fraudulent misrepresentation," "inaccurate," "false," "false representation," and "material fact." ECF 30. Cohen also filed a Motion to Amend/Correct, seeking leave to file a second amended complaint, alleging 13 counts against Gruber, Assistant U.S. Attorney Joyce McDonald, and Robert Hur, the U.S. Attorney for the District of Maryland, all stemming from pleadings filed in Cohen's criminal case. ECF 32.

I denied Cohen's Motion for Judicial Notice, finding that it was frivolous. ECF 35. I also denied his Motion to Amend/Correct, noting, among other things, that it was belatedly filed on the

same day Cohen responded to Gruber's dispositive motion and it presented new causes of action. *Id.* at 3-4. On September 11, 2019, I granted Gruber's Motion to Dismiss the Amended Complaint. ECF 44. On October 4, 2019, Cohen filed his Motion for Reconsideration.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider maybe construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008). Where, as is the case here, the Motion for Reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls. *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). *See also* Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018); *Ingle ex rel. Estate of Ingle*

2

*v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

3

In this case, there has been no change in the controlling law, nor has Cohen presented any new evidence. With regard to the Motion for Judicial Notice, Cohen contends that the court improperly denied his request without explanation and that, pursuant to Fed. R. Evid. 201(c)(2), the court "**must** take judicial notice if a party requests it and the court is supplied with the necessary information." ECF 46 at 5. However, Fed. R. Evid. 201 "governs judicial notice of an adjudicative fact only." Fed. R. Evid. 201(a). Adjudicative facts "are simply the facts of the particular case." Fed. R. Evid. 201(a), Advisory Committee Note. Facts that are subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A court may not take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Here, Cohen asked the court to take judicial notice of definitions he provided for the terms "fraudulent misrepresentation," "inaccurate," "false," "false representation," and "material fact," none of which constitute adjudicative facts. Thus, there is no clear error of law regarding the court's denial of his Motion for Judicial Notice.

Regarding the Motion to Amend/Correct, Cohen argues that his submission was not belated as discovery had not yet commenced, and he contends that the motion should have been granted because he had stated valid claims against the proposed defendants. ECF 46 at 3-4. Cohen filed his proposed amendment nearly two months after Gruber moved to dismiss the Amended Complaint. *See* ECF 23, 32. Moreover, Cohen's proposed amendment named new parties and added new causes of action, thereby altering the nature and scope of the litigation. Based on this record, Cohen has not shown a clear error of law.

In any event, Cohen does not address why his proposed claims would not be barred by

4

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The additional counts Cohen sought to include all stemmed from pleadings filed in his criminal case. As I stated in the Memorandum Opinion dated September 11, 2019, attacks on Gruber and the proposed defendants' representations to the court regarding the fraudulent activity committed by Cohen necessarily imply the invalidity of Cohen's conviction. *See* ECF 44 at 20. Such a claim must be dismissed pursuant to *Heck* unless Cohen can demonstrate that the conviction or sentence has been invalidated. *Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)). The validity of the legal process by which Cohen came to be incarcerated, tried, and convicted has already been tested and resolved against him on direct appeal. *See* ECF 44 at 20. However, in the event Cohen is successful in his § 2255 challenge to his sentence, based on prosecutorial overreaching, he could file an appropriate civil action.[1]

As there is no clear error of law and manifest injustice will not otherwise occur, the Court will deny Cohen's Motion for Reconsideration.

An Order follows.

Date: April 8, 2020

                                                              /s/
                                                           Ellen L. Hollander
                                                           United States District Judge

---

[1] On August 27, 2018, Cohen filed a Motion to Vacate under 28 U.S.C. § 2255, and that matter is presently pending before another judge of this Court. *See Cohen v. United States*, Civil Action No. GLR-18-2661; *see also United States v. Cohen*, Crim. Action No. GLR-14-310, ECF No. 685.